THIS DECISION IS
CITABLE AS PRECEDENT
OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

lms

Mailed:  November 21, 2005

Opposition Nos. 91157260
              91157625

Turbo Sportswear, Inc

v.

Marmot Mountain Ltd.

Before Seeherman, Quinn and Walters,
Administrative Trademark Judges.

By the Board:

    Two applications filed by Marmot Mountain Ltd. to

register the marks shown below

1                     2

---

[1] Serial No. 76112629 was filed on August 18, 2002, and is based
on applicant's assertion of a bona fide intention to use the mark
in commerce for goods in four classes (18, 20, 22 and 25).
Opposer has opposed only classes 18 and 25.

[2] Serial No. 76112630 was also filed on August 18, 2002, and is
based on applicant's assertion of a bona fide intention to use
the mark in commerce for goods in four classes (18, 20, 22 and
25).  Opposer has opposed only classes 18 and 25.

have been opposed by Turbo Sportswear, Inc., claiming priority of use and ownership of seven federal registrations all containing the stylized mountain design shown below



for numerous clothing items.  Opposer alleges that applicant's use of its stylized mountain designs in connection with the goods identified in the applications in classes 25 and 18 is likely to cause confusion, mistake, or to deceive.  Applicant denied all the salient allegations of the notices of opposition in its answers.

This consolidated[3] case now comes up on applicant's motion, filed May 31, 2005, to amend its answers in both oppositions to add counterclaims to cancel five of opposer's pleaded registrations,[4] namely, Registration No. 2515997, issued on December 11, 2001; Registration No. 2197424, issued on October 20, 1998, Section 8 affidavit filed May 18, 2005; Registration No. 2111782, issued on November 11, 1997, Section 8 affidavit filed November 6, 2003;

---

[3]  On August 27, 2004 opposer filed a motion to consolidate the two proceedings which was granted by the Board on September 24, 2004.

[4]  All of the registrations sought to be cancelled are for goods in Class 25.

Registration No. 2069384, issued on June 10, 1997, Section 8 affidavit filed August 23, 2002; and Registration No. 1907447, issued on July 25, 1995, and renewed on December 30, 2004.[5]  In response, opposer has moved to amend two of its pleaded registrations to delete certain goods.  The motions are fully briefed.

As grounds for the motions to amend its answers to add the counterclaims, applicant states that it recently learned through the testimony deposition of Nate Kestenman, opposer's Vice President (taken April 27, 2005), that "Opposer's pleaded registrations may have been either fraudulently issued or maintained" (motion p. 1) and therefore applicant seeks to cancel opposer's registrations based on fraud.  For instance, in paragraph 1 of its proposed counterclaim, after noting that the goods listed in Registration No. 2515997 include suits and sports jackets, applicant alleges (paragraph 2) that Mr. Kestenman testified that the mark "was never used on the items 'suits' and 'sports jackets'"; and alleges (paragraph 3) that "Registration No. 2515997 was procured by Opposer's knowingly false or fraudulent statements, which statements

---

[5]  In its original notices of opposition, opposer also pleaded ownership of (i) Registration No. 2186355, issued on September 1, 1998, which opposer voluntarily surrendered on May 13, 2005, and which was cancelled on October 5, 2005; and (ii) Registration No. 2088369, issued on August 12, 1997, which was cancelled under Section 8 on May 15, 2004.  Applicant does not seek to cancel these registrations.

were made with the intent to induce authorized agents of the U.S. Patent and Trademark Office to grant said registration, and, reasonably relying upon the truth of said false statements, the U.S. Patent and Trademark Office did, in fact, grant said registration to Opposer." As for the three registrations applicant seeks to cancel based on allegedly inaccurate Section 8 and Section 15 affidavits, applicant alleges, as an example, again pointing first to the scope of the goods in the declaration, and then to Mr. Kestenman's asserted testimony, that "Registration No. 2197424 has been maintained by Opposer's knowingly false or fraudulent statements, which statements were made with the intent to induce authorized agents of the U.S. Patent and Trademark Office to approve the Declaration of Use and Incontestability under Sections 8 and 15 of the Trademark Act, and, reasonably relying upon the truth of said false statements, the U.S. Patent and Trademark Office did, in fact, approve Opposer's Declaration…." (paragraph 7).

In response, opposer contends that applicant's motion to amend its answers is untimely; that the testimony applicant relies upon does not support an allegation of fraud; and that, in connection with its motion to amend its registrations, opposer contends that applicant is not prejudiced by the presence of some goods in the registrations if they are not currently sold under the mark

but, so as not to delay these proceedings further, opposer is willing to amend two of its registrations to delete goods that are not currently being marketed under the respective marks.

Trademark Rule 2.107(a) and Fed. R. Civ. P. 15(a) encourage the Board to look favorably on motions to amend, stating that "leave shall be freely given when justice so requires." Nevertheless, if allowance of the amendment would cause undue prejudice or be futile, amendment will be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); and *W.R. Grace & Co. v. Arizona Feeds*, 195 USPQ 670, 671 (TTAB 1977).

In this case, the counterclaims to cancel opposer's pleaded registrations are compulsory counterclaims. *See* Trademark Rule 2.106(b)(2)(i). To be timely, a counterclaim must be brought as part of defendant's answer or promptly after the grounds therefor are learned. Thus, in the present case, we must determine whether applicant knew of the grounds at the time it filed its answers and, if not, whether applicant filed its counterclaims promptly upon learning of those grounds.

Applicant states that "the grounds for cancellation of Opposer's pleaded registrations not only could not have been known to the Applicant when its answer was filed, but for the most part, such grounds did not yet exist" (motion p. 3)

because it was Mr. Kestenman's testimony, when compared with opposer's Section 8 and Section 15 affidavits, that raised the issue.  Applicant states that the grounds for cancellation became known during the testimony deposition of opposer's vice-president, Mr. Kestenman, which was taken on April 27, 2005.

In particular, as to Registration No. 2515997, (the underlying application was based on a claim of use in commerce), applicant asserts that Mr. Kestenman testified that he did not think the mark was ever used on suits and sports jackets, and he did not recall whether it was ever used on underwear.  As to Registration No. 2197424, applicant contends that Mr. Kestenman testified that opposer did not use the mark on shirts or shorts, and that he did not recall use on rainwear, although just a week prior to this testimony, opposer filed a Section 8 affidavit that included those items.  With respect to the other three registrations (Nos. 2111782, 2069384 and 1907447), applicant contends that there are direct inconsistencies between Mr. Kestenman's testimony and the Section 8 affidavits regarding use of the respective marks in connection with certain listed items.

Opposer counters this argument by stating that applicant was aware of what goods the marks were being used on when it received opposer's responses to its

6

interrogatories in 2003, but that the motion to amend was not filed until the case was in the middle of opposer's testimony period, and therefore the motion is untimely.

Opposer also appears to take the position that, even if there is an inconsistency between the goods on which it claimed use of the marks, and the goods on which it actually used the marks, such nonuse is de minimis. It argues that, of the 17 items listed in the various registrations and discussed during the testimony of Mr. Kestenman, applicant asserts that opposer was not using the marks on only a few of the items identified in the registrations. Opposer further states that when opposer received applicant's motion to amend its answers to add the counterclaims, opposer researched the accuracy of Mr. Kestenman's testimony and discovered that some of the goods listed in Registration No. 2515997 are currently not sold under the mark. Therefore, opposer asserts that these goods will be deleted from the registration when the Section 8 and 15 affidavits for the registration are due, but so as not to further delay these proceedings, opposer is willing to amend this registration now.

Opposer states that further inquiry also revealed that Mr. Kestenman's testimony regarding Registration No. 2197424 was inaccurate, and that all of the listed goods in that registration are currently sold under the mark.

7

As to Registration No. 2111782, opposer argues that applicant mischaracterized Mr. Kestenman's testimony. Opposer claims that Mr. Kestenman testified that opposer was not currently marketing certain goods, not that the mark was not used on the goods; and that, with respect to Registration No. 2069384, Mr. Kestenman testified he "did not recall" use of the mark for boots, not that it was not being used.

Finally, as to Registration No. 1907447, opposer states that its subsequent research indicates that it is not selling leather down coats every season and those goods should have been deleted when it filed its Section 8 affidavit; and, so as not to further delay these proceedings, opposer is willing to amend its registration to delete those goods.

After reviewing the submissions of the parties, we find that the testimony of Mr. Kestenman provides information that may be relevant to applicant's pleading of fraud with respect to each of the five registrations, and that such information was not previously available to applicant. In particular, opposer's answers to interrogatories, which dealt only with whether the marks were in use on the goods at the time the responses were provided, would not have apprised applicant that the marks were not in use on all of the goods at the times the applications for registration

8

were filed,[6] or that the marks were not in use on all of the goods at the times the Section 8 affidavits were subsequently filed. Thus, applicant would not have been aware, at the time that it received opposer's answers to its interrogatories, that a claim of fraud might lie. Therefore, the motion to amend the answers to assert the counterclaims based on fraud is timely. Trademark Rule 2.106(b)(2)(i).

The next question we must consider is whether the proposed amendment to add the counterclaims would be futile. A statement in a use-based application that the applied-for mark is being used on all of the goods listed in the application, or in a Section 8 affidavit or in a Section 9 application for renewal, that the mark is being used on all of the goods listed in the registration, when that statement is false, may give rise to a valid ground of fraud. *See Medinol Ltd. v. Neuro Vasx Inc.,* 67 USPQ2d 1205, 1208 (TTAB 2003). Opposer is advised that if applicant is able to establish the elements of fraud even as to one of the goods listed in opposer's single-class registration, the entire registration is subject to cancellation. Fraud cannot be cured merely by deleting from the registration those goods on which the mark was not used at the time of the signing of

---

[6] All of the underlying applications were based on Section 1(a) of the Trademark Act, asserting use of the mark in commerce.

a use-based application or a Section 8 affidavit.  Thus, applicant's proposed counterclaims are not futile.

Accordingly, because applicant's motion to amend its answers to add counterclaims to cancel five of opposer's seven pleaded registrations is timely and the counterclaims state a valid claim, the motion is granted.  Applicant's amended answers and counterclaims for cancellation of Registration Nos. 2515997; 2197424; 2111782; 2069384; and 1907447 are accepted.

Opposer is allowed until **thirty** days from the mailing date of this order to file its answers to the counterclaims.[7]

As to opposer's motion to amend two of its registrations to delete certain goods, although the amendments are limiting in nature, because they are contested by applicant, the propriety of the amendments will be deferred until final decision and decided in connection with the determination of the counterclaims.  *See Medinol, supra* (amendment of an identification to delete goods cannot cure fraud).

Proceedings are resumed and trial dates are reset as indicated below.  Discovery and testimony periods are being reopened in view of the counterclaims.

THE PERIOD FOR DISCOVERY TO CLOSE:                3/01/2006

---

[7] An answer should be filed in each opposition file so each proceeding can retain its separate character.

30-day testimony period for
plaintiff in the opposition to close:                                    5/30/2006

30-day testimony period for defendant in the opposition
 and as plaintiff in the counterclaims to close:                 7/29/2006

30-day testimony period for defendant in the counterclaims
and its rebuttal testimony as plaintiff in the
opposition to close:                                                         9/27/2006

15-day rebuttal testimony period for plaintiff in the
counterclaims to close:                                                    11/11/2006

Briefs shall be due as follows:
[See Trademark rule 2.128(a)(2)].

Brief for plaintiff in the opposition shall be due:              1/10/2007

Brief for defendant in the opposition and as
plaintiff in the counterclaims shall be due:                      2/09/2007

Brief for defendant in the counterclaims and its reply
brief (if any) as plaintiff in the opposition
shall be due:                                                                  3/11/2007

Reply brief (if any) for plaintiff in the
counterclaims shall be due:                                           3/26/2007

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

.o0o.